[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11689

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERETTE JAMEL TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:94-cr-01011-AW-GRJ-1

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Everette Taylor appeals the district court's denial of his motion for a reduction in sentence under § 404 of the First Step Act.[1]    He argues that he is entitled to a sentence reduction because he would be subject to a reduced statutory penalty under the Fair Sentencing Act.  After review, we affirm.

### I.    Background

In 1995, a jury found Taylor guilty of one count of conspiracy to possess with intent to distribute and distribution of cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and 846.  Neither the indictment nor the verdict form specified the amount of drugs that Taylor was found to have possessed or distributed.

Taylor's presentence investigation report ("PSI") indicated that he was responsible for 5,979.36 grams of crack cocaine.  Because Taylor had two prior felony drug convictions for delivery of cocaine and possession of cocaine, he was subject to a

---

[1] The First Step Act, enacted in 2018, "permits district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020); *see also* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.

"mandatory term of life imprisonment without release." *See* 21 U.S.C. § 841(b)(1)(A) (1994) (providing that where the offense involves 50 grams or more of a mixture or substance of cocaine base, and the defendant has "two or more prior convictions for a felony drug offense . . . , such person shall be sentenced to a mandatory term of life imprisonment without release . . . .").

Taylor objected to the amount of crack cocaine attributable to him. Relatedly, he argued that the amount of drugs which could be fairly attributable to him was not sufficient to trigger § 841(b)(1)(A), and, therefore, the statutory life term should not apply to him.

At sentencing, the district court overruled Taylor's objections to the PSI, finding, in relevant part, that the amount of drugs was "amply supported by the testimony" at trial. The district court sentenced Taylor to life imprisonment, explaining that the sentence was "based on the present statutory requirement, the mandate, based upon [Taylor's] prior criminal history and record." The court's Statement of Reasons indicated that it "adopt[ed] the factual findings" in the PSI.

In 2019, Taylor filed a *pro se* 18 U.S.C. § 3582(c)(2) motion to reduce his sentence, arguing that he was eligible for a reduction in sentence under the First Step Act because, under the reduced penalties of the Fair Sentencing Act, the maximum sentence he would have faced was 25 years' imprisonment rather than life.

Applying our decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), the district court denied Taylor's § 3582(c)(2) motion, finding that Taylor was not eligible for relief because the Fair Sentencing Act would not have benefitted him as he would have faced the same sentence under the Act. This appeal followed.

## II.        Discussion

Taylor argues that the district court abused its discretion when it concluded that he did not qualify for a reduction under the First Step Act. He maintains that neither the indictment, the verdict, nor the judgment mentioned any drug quantity, and the sentencing court did not make a specific finding that it relied on the 5,979.36 grams of crack cocaine when determining the applicable statutory penalty. Rather, he argues that we must presume that the sentencing court found him responsible for only 50 grams of crack cocaine because that was the minimum necessary to trigger the relevant statutory penalty.

We review a district court's authority to modify a sentence *de novo*. *Jones*, 962 F.3d at 1296. We review the district court's denial of a movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* "A district court abuses its discretion when it 'applies an incorrect legal standard.'" *Id.* at 1304 (quoting *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015)).

Generally, district courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly "permits a district court that imposed a sentence for a covered offense to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Jones*, 962 F.3d at 1297 (quotation omitted). However, a district court is precluded from reducing a sentence "[i]f the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect." *Id.* at 1303. Further, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing, including "judge-found facts that triggered statutory penalties that the Fair Sentencing Act later modified." *Id.* at 1303.

As relevant here, the Fair Sentencing Act of 2010 amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack-cocaine and powder-cocaine offenses. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Specifically, § 2 of the Fair Sentencing Act increased the quantity thresholds of crack cocaine necessary to trigger a 10-year mandatory-minimum term of imprisonment under § 841(b)(1)(A)(iii) from 50 to 280 grams of crack cocaine. Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii).

Notably, the Fair Sentencing Act did not alter the mandatory term of life for § 841(b)(1)(A)(iii) offenders with two prior felony drug offenses, but the more recent First Step Act reduced this mandatory minimum from life to 25 years' imprisonment. *See* Fair Sentencing Act § 2; First Step Act, Pub. L. No. 115-391, § 401(a)(2)(ii), 132 Stat. 5194, 5220. However, this portion of the First Step Act is not retroactively applicable to offenders like Taylor who were sentenced prior to the enactment of the First Step Act. *See* First Step Act § 401(c), 132 Stat. at 5221.

Although Taylor was sentenced for a covered offense under § 841(b)(1)(A)(iii), he is not eligible for a reduction because his sentence would have necessarily been the same even under the Fair Sentencing Act. *Jones*, 962 F.3d at 1303. Specifically, the sentencing court attributed 5,979.36 grams of crack cocaine to Taylor (more than the necessary 280 grams under the Fair Sentencing Act),[2] which when combined with Taylor's two prior felony drug offenses still triggered a mandatory life term of imprisonment under the Fair Sentencing Act. *See* 21 U.S.C.

---

[2] Taylor's argument that the sentencing court never made a formal drug quantity finding is undermined by the record. Taylor objected to the drug quantity attributed to him in the PSI, and the court overruled his objection at sentencing, concluding that the drug quantity was "amply supported" by the record. And the sentencing court adopted the factual findings contained in the PSI as its own. Accordingly, the sentencing court made a drug quantity finding at Taylor's 1995 sentencing, which the district court was bound by when ruling on Taylor's 2019 motion for a sentence reduction. *Jones*, 962 F.3d at 1303–04.

21-11689                Opinion of the Court                7

§ 841(b)(1)(A)(iii).  Accordingly, Taylor would not have benefitted from the Fair Sentencing Act, and we affirm.

**AFFIRMED.**